[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION
This matter came before the court on September 26, 2002 on the defendant/acquittee's Motion to Reargue and Reconsider the court's decision of August 29, 2002 wherein the court had denied the acquittee's motions to dismiss and to strike and granted the State's Petition for Continued Commitment of the defendant/acquittee.
The court heard rearguments on September 26, 2002 with all parties present. No testimony was presented and the request for reconsideration was not directed to the court's original finding that the defendant/acquittee was mentally ill or that his discharge would constitute a danger to himself or others or that his continued commitment would be in the best interest of society.
Rather, the motion, and arguments in court were directed to a challenge to the constitutionality of the recommitment statute, C.G.S. § 17a-593
(c) as being violative of the acquittee's right to equal protection of the law under the 19th Amendment to the United States Constitution and Article 1 Section 20 of the Connecticut Constitution.
The defendant/acquittee, in support of his argument for reconsideration, cited a Hartford Superior Court decision rendered on September 3, 2002 by Miano, J. in the case of State v. Calvin Long, wherein the court vacated its prior findings in the recommitment hearing of Calvin Long, and determined that the subject statute C.G.S. §17a-593 (c) was in violation of Article 1, Section 8 of the Connecticut Constitution.
Prior to the Long decision, our Superior Court decisions have upheld the constitutionality of the subject statute. The case most relied upon for this position, was State v. McClellan, Judicial District of New London, Handy, J. March 15, 2002. CT Page 14069
This court in making its ruling on August 29, 2002, in effect, adopted the rationale in the McClellan case.
Concededly, the Long case is persuasive.
However, while not addressed directly, the McClellan case and more importantly our Supreme Court in the matter of State v. Metz, 230 Conn. 400
recognized some failings in the provisions of the recommitment statute § 17a-593 (c), but not such as to render it unconstitutional as being violative of an acquittee's rights to due process under the law.
It is elemental that when there is a challenge to the constitutionality of a statute that the one making the challenge "must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt."State v. Breton, 212 Conn. 269 (1989). This court does not feel that the defendant/acquittee has met that burden.
Accordingly, after reconsideration, the court reaffirms its conclusions and the decisions rendered on August 29, 2002, denying the defendant/acquitee's Motion to Dismiss State's Petition for Continued Commitment and his Motion to Strike PSRB report; and granting the State's Petition for Continued Commitment.
The Court,
___________________ John P. Maiocco, Judge CT Page 14070